## ANDREW ANDERSON v. JOHN CORCORAN.

*Bailment—Pleading—Breach of contract.*

A bailor cannot recover for a breach of the contract of bailment under a count for money had and received.

So *held*, where a debtor gave an absolute bill of sale of certain cedar posts to a creditor, and it was agreed that the creditor should sell the posts, and, after paying his debt and certain other debts of the debtor, pay the balance of the money received for the posts to the debtor, who was allowed to recover a judgment against the creditor under a common-count declaration, upon the theory that the creditor had sold the posts at a price less than that agreed upon by the parties.

Error to Delta. (Stone, J.) Submitted on briefs June 24, 1892. Decided July 28, 1892.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*J. F. Carey,* for appellant.

*Mead & Jennings,* for plaintiff.

GRANT, J. The declaration in this case was upon the common counts in *assumpsit.* No bill of particulars was demanded, and the plea was the general issue.

Plaintiff was indebted to the defendant in the sum of $345.24. He was engaged in getting out cedar posts, and at the time of the transaction had made 14,800. He gave defendant a bill of sale of these posts, absolute upon its face, but in fact as security only. It was agreed that defendant should sell the posts, and out of the proceeds pay the debt due him, and certain other items of indebtedness which plaintiff owed, and should pay the balance, if any, to the plaintiff. It is conceded that defendant

was the agent or bailee of the plaintiff. It is clear, therefore, that under this declaration plaintiff could recover only for the moneys received by defendant upon sales made, after deducting his own debt and the other amounts paid under the agreement. Plaintiff recovered a verdict for $223,43. The defendant insists that no such sum was received by him, under the evidence, above his debt and the amounts paid out, but that he had paid out all that he had received, including his own costs, compensation, and disbursements in making the sales.

The defendant testified that he had received $611.09, for which he accounted. The court instructed the jury that the defendant was entitled to his reasonable charges, and that there was no testimony showing that the charges made were not reasonable. It must therefore be assumed that the jury followed these instructions, and allowed the charges. This being so, plaintiff was not entitled to recover under this declaration, unless the record showed that defendant had received more than that amount. The burden of proof was upon the plaintiff to show the amount received. A letter was introduced, written by defendant to plaintiff, stating that 5,655 fence posts had been shipped; that he had ordered in the last week four cars, which would make 2,800; that he had shipped 3,965 paving posts; and that when he got a certain receipt he would be ready to settle with the plaintiff for what was shipped, and that he would ship the balance as soon as possible. Upon the margin or back of this letter were figures showing the value of these posts, at the price agreed upon, to be $821.87. Other posts were shipped afterwards by the defendant, for which it appears the plaintiff recovered. This letter contains no admission that defendant had received the money. Plaintiff admits that defendant told him he had not received the pay.

It appears that the plaintiff was allowed to recover, not

upon the theory that defendant had received the money, but that he sold the posts at a price less than the one agreed upon between plaintiff and himself. The instruction of the court was as follows:

"The principal contention, as I understand it, between these parties, is as to whether there was an express agreement fixing the price for which these posts should be disposed of by the defendant, limiting him to these figures."

But this would constitute a violation of his contract of bailment, for which plaintiff could not recover under the count for money had and received.

Judgment reversed, and a new trial ordered.

The other Justices concurred.