## Thomas E. Barkworth v. Sidney M. Isbell.

*Estoppel—Surety on appeal bond—Assignment of interest in goods as security—Lien.*

Where a surety on an appeal bond accepts as indemnity an assignment of the interest of the appellant in a quantity of apples in the hands of a commission merchant, in reliance upon the latter's representations that his lien upon the apples amounts to a certain sum, and that the apples are worth enough to make the assignment good security, and the merchant sells the apples at a price sufficient to cover his said lien and the judgment appealed from, which has been affirmed and paid by the surety, the merchant is estopped, in a suit brought against him by the surety to recover the amount of the judgment, from setting up as a defense that the apples were subject to further liens growing out of prior dealings between him and the appellant.[1]

---

[1] See *Dean v. Crall*, 98 Mich. 591, holding that an estoppel *in pais* need not be pleaded in an action at law.

Error to Jackson.   (Peck, J.)   Submitted on briefs April 11, 1894.   Decided June 16, 1894.

*Assumpsit.*   Defendant brings error.   Affirmed.   The facts are stated in the opinion.

*Thomas A. Wilson,* for appellant.

*Thomas E. Barkworth, in pro per.*

McGRATH, C. J.   One McKinney was engaged in evaporating apples.   In September, 1887, he made an arrangement with defendant, who was a commission merchant, whereby defendant was to receive, store, and market the apples, and make advances, and upon sale he was to retain out of the proceeds his advances, and interest thereon, and 5 per cent. commission.   In November following, McKinney was sued in justice's court, and a judgment was rendered against him.   He took an appeal to the circuit, resulting in an affirmance of the judgment.   Plaintiff was surety on the appeal bond, and paid the judgment.   Defendant had been asked to become surety, but declined.   Plaintiff was then requested to sign the bond, McKinney offering as indemnity an assignment of his interest in the apples then in defendant's hands.   Plaintiff called upon defendant, and informed him of McKinney's request, and that, before taking the assignment and signing the bond, he desired to know what amount of apples were on hand, and what lien defendant had upon the same.   Defendant informed him that he had in his possession between 11,000 and 12,000 pounds of apples, upon which he had advanced six cents per pound; that the apples were worth eight cents per pound; and that the security was ample.   Plaintiff thereupon took the assignment, and became surety upon the bond, with the result aforesaid.   Defendant afterwards sold the apples, and plaintiff sues to recover the amount

received for the same in excess of defendant's lien of six cents.

It is not insisted that there were not from 11,000 to 12,000 pounds of apples on hand November 30, 1887,—the date of defendant's representation,—or that the amount realized from the sale of the apples then on hand was not sufficient to pay defendant's lien of six cents per pound, and leave a sufficient margin to pay the amount of the judgment which plaintiff had been compelled to pay. But the dealings between Isbell and McKinney covered the period between September 1, 1887, and December 3, 1887, during which time McKinney claimed to have stored with Isbell over 30,000 pounds of apples, but 1,292 pounds of which were delivered after November 30, 1887, and but 5,050 pounds had been sold before that date. It is claimed by defendant, however, that upon the entire deal there was a large shortage in weight, and that the proceeds of sales did not equal defendant's advances. Defendant's receipts from sales after November 30, 1887, aggregated $1,558.17, which would represent eight cents per pound on 19,477 pounds of apples, and but 1,292 pounds were received after the last-named date.

Plaintiff took from McKinney an assignment of specific property, which McKinney owned, and which was then in the hands of defendant, and incurred the liability upon the bond, relying upon defendant's representation that his lien upon that property amounted to six cents per pound. Defendant sold that specific property, and received the proceeds. Plaintiff was entitled to such proceeds, less the amount of the lien disclosed, up to the amount paid by him in consequence of the liability incurred, if such an amount remained. Defendant is estopped from setting up in defense that the property was subject to further liens. Plaintiff's suit is not grounded in an estoppel which he was bound to plead. Suppose that plaintiff had informed

defendant that he was about to buy the apples, and inquired as to both amount and lien; that defendant had told him that the amount was 11,000 pounds, and the lien six cents per pound; and that plaintiff had purchased and paid for 11,000 pounds, and had paid or tendered the amount of the lien as claimed,—could there be any doubt as to plaintiff's right to the property purchased, or to recover in replevin or trover, or, if the property had been sold, in *assumpsit* for the proceeds?

The case of *Anderson v. Corcoran*, 92 Mich. 628, is not in point. There, plaintiff claimed that the posts had been sold at prices less than agreed upon, and the Court held that the recovery could not be had as for money had and received. Here, the money for the apples had been actually received, and defendant sought to apply it to the extinguishment of a claim which had not been disclosed.

The judgment is affirmed.

The other Justices concurred.